

650 Page Mill Road
Palo Alto, CA 94304-1050

PHONE 650.493.9300
FAX 650.493.6811

www.wsgr.com

January 25, 2017

VIA ECF AND EMAIL
(sullivannysdchambers@nysd.uscourts.gov)

Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Grecia v. BestBuy.com, LLC,* **Case No. 1:16-cv-07024 (RJS)**
      *Grecia v. Adorama Camera, Inc.*, **Case No. 1:16-cv-07111 (RJS)**

Dear Judge Sullivan:

  I represent Defendants BestBuy.com, LLC ("Best Buy") and Adorama, Inc. ("Adorama")[1] (*pro hac vice* pending) in the above captioned actions. On November 23, 2015, Mr. Grecia filed a lawsuit against Visa Inc. ("Visa") alleging infringement of U.S. Patent Nos. 8,533,860 ("the '860 patent"), 8,887,308, and 8,402,555 ("the '555 patent") "through provision of VisaNet and the Visa Token Service." *Grecia v. Visa Inc.*, 15-cv-9210 (RJS), Comp. at ¶¶ 7-18. On September 8, 2016 and September 12, 2016, while the Visa case was stayed pending the resolution of *inter partes* review proceedings on the asserted patents, Mr. Grecia filed lawsuits against Best Buy and Adorama respectively. Mr. Grecia alleged infringement of the '860 patent by Best Buy and of the '555 patent by Adorama based upon "use of the Visa Checkout service" and specifically, "Visa Token Services."[2] Best Buy Am. Comp., ¶ 11; Adorama Comp. at ¶ 11. On November 2, 2016, Mr. Grecia filed an amended complaint against Best Buy, adding an allegation related to use of an EMV token at a point-of-sale that also appears to implicate Visa Token Services. Dkt. No. 11 at ¶ 12.

  Pursuant to Rule 2.A. of your Individual Rules, Best Buy and Adorama respectfully request a pre-motion conference seeking permission to file motions to stay this action pending resolution of the earlier-filed litigation between Grecia and Visa. This letter sets forth the basis for Best Buy's and Adorama's anticipated motions.

---

[1] Adorama Camera, Inc. is incorrectly named as a defendant. Adorama Camera, Inc. does not exist as a corporate entity. Rather, the correct corporate entity is Adorama, Inc. We have notified counsel for Mr. Grecia as to this issue and agreed to accept service once the correct defendant is named. No attempt has been made to correct the named defendant from Adorama Camera, Inc. to Adorama, Inc. and service has not been effectuated.

[2] Best Buy has informed Mr. Grecia that Visa Checkout does not provide tokens to their respective websites and that, in fact, no merchant has been configured by Visa Checkout to receive tokens. Accordingly, there is no basis for maintaining its lawsuit.

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay a proceeding, courts in this district consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 621 (S.D.N.Y. 2012).

Courts have also developed the customer suit doctrine, under which the Federal Circuit has held that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer" because "in reality, the manufacturer is the true defendant in the customer suit." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This principle recognizes the preference that infringement determinations be made in suits involving the party that actually controls the product's design rather than in suits involving secondary parties, such as the manufacturer's customers. *See Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir.), *cert. denied*, 434 U.S. 860 (1977); *see also William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178–79 (2d Cir. 1969) (affirming stay of patent infringement action against customer Woolworth Company in favor of separate action against manufacturer of accused product Playtex).

The guiding principles in applying the customer suit doctrine are efficiency and judicial economy. *See Tegic Commc'ns Corp. v. Bd. Of Regents of the Univ. Of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). The primary question is whether the issues and parties are such that disposition of the manufacturer's suit would resolve the customer's suit. *Katz*, 909 F.2d at 1463; *Tegic Commc'ns Corp.*, 458 F.3d at 1343. Courts have further recognized that while "there may be additional issues involving the defendants in the [customer suits]," the prosecution of such issues "will be advanced if [plaintiff] is successful on the major premises being litigated in [the manufacturer suit], and may well be mooted if [plaintiff] is unsuccessful." *Katz*, 909 F.2d at 1464.

While the customer suit doctrine is generally considered an exception to the first to file rule, the doctrine's goals of efficiency and judicial economy by proceeding with the manufacturer suit rather than the customer suits are equally applicable here. *See Coleco Indus., Inc. v. Empire Plastic Corp.*, 321 F. Supp. 146, 147 (S.D.N.Y. 1970) ("The motion for a stay is clearly warranted because the disposition of the consolidated suit will resolve all the questions presented by the later-filed, customer suit. Moreover, duplicative litigation will be avoided and judicial resources conserved if the stay is granted."); *see also Marine Travelift, Inc., v. K. Graefe and Sons Corp.*, Case No. 7:16-cv-2068 (VB), Dkt. No. 23, slip op. (S.D.N.Y. June 3, 2016) (applying rationale of customer suit doctrine under district court factors). Under either test, there is no doubt that disposition of the Visa case will advance, if not dispose of, the issues in this case and in so doing will conserve both court and party resources without prejudice to the plaintiff.

As a practical matter, these cases are about Visa and Visa technology. The addition of Visa's customers, Best Buy and Adorama, appears to be to increase the cost and burden of litigating these cases. Resolution of the case as to Visa would resolve the issues in the customer case, including infringement and validity of the '860 and '555 patents. Mr. Grecia's allegations, to the best they can be understood, relate to Visa Token Services, which is accused in the Visa case. A determination that the Visa Token Service does not infringe the asserted patents would extinguish Grecia's claims against Best Buy and Adorama. *See Nystrom v. Trex Co.*, 580 F.3d 1281, 1285 (Fed. Cir. 2009). Moreover, resolution regarding invalidity of the asserted patents in the Visa case would inform, or entirely extinguish, Grecia's claims in this case. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015).

In addition, as manufacturer of the products and services accused in this case, Visa is better suited to defend such claims than Best Buy or Adorama. Both are intermediary customers that merely presents the accused product to end-users. *See Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (the precedence of manufacturer suits over customer suits "is based on the manufacturer's presumed greater interest in defending its actions against charges of patent infringement; and to guard against possibility of abuse"). For example, discovery regarding the accused products would be provided by Visa. Furthermore, subject to the terms of their agreements with Visa, Visa is indemnifying Best Buy and Adorama. Accordingly, "[t]he balance of convenience, rather than favoring the second suit, actually is in favor of the first suit. . . . Clearly, [the manufacturer] (as well as the federal courts) would be unduly burdened and inconvenienced by the necessity to try two suits involving the identical subject matter at once." *Coleco Indus.*, 321 F. Supp. at 148. Accordingly, discovery related to the alleged infringement and invalidity of '860 and '555 patents in the customer suits would be duplicative.

Applying the stay factors further demonstrates the customer suits should be stayed. There is no prejudice to Mr. Grecia from staying the customer suits. Should Mr. Grecia receive a damages award in the Visa case, it would exhaust all rights to damages in the customer suits. Nor can Mr. Grecia show any prejudice from delay as the case would still proceed as to Visa. In contrast, it would be burdensome for Visa to litigate multiple cases directed to the same issues and a waste of party and judicial resources. *See Marine Travelift, Inc.,* Case No. 7:16-cv-2068 (VB), Dkt. No. 23, slip op. at *5 (To "compel [a] defendant to defend the same claims concurrently could well be an inefficient waste of the parties' and the Court's resources."). In sum, the burden to Visa of litigating identical claims concurrently far outweighs any prejudice to Grecia if the customer suits against Best Buy and Adorama are stayed. It is also in the public interest and the interest of persons not parties to these cases to stay the customer suits as a means to discourage Mr. Grecia from filing cases against other customers. Mr. Grecia has already demonstrated a propensity to escalate the dispute by filing additional lawsuits against customers. As such, the factors clearly favor staying the customer suits.

Accordingly, Best Buy and Adorama respectfully request a pre-motion conference to seek permission to file a motion to stay the instant customer litigation in favor of the first-filed manufacturer suit against Visa or, alternatively, authorization to file the motion without a pre-motion conference.

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

Honorable Richard J. Sullivan
January 25, 2017
Page 4

        Sincerely,

        */s/ James C. Yoon*

        James C. Yoon


cc: Counsel of Record – Matthew M. Wawrzyn (matt@wawrzynlaw.com)